IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RYAN LAMBERT,** an individual, *Plaintiff,* | § § § § | |
| v. | § § | 6:22-CV-00579-ADA-DTG |
| **TOMMY'S MART, INC.,** a domestic corporation, *Defendant.* | § § § § | |

## ORDER GRANTING PLAINTIFF RYAN LAMBERT'S MOTION FOR SUBSTITUTE SERVICE OF PROCESS

Come on for consideration is Plaintiff's Motion for Substitute Service of Process (the "Motion") on Defendant Tommy's Mart, Inc. ECF No. 3. After careful consideration of the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

On June 6, 2022, Plaintiff Ryan Lambert ("Lambert") filed this suit alleging claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* (the "ADA") against Defendant Tommy's Mart, Inc. ("Tommy's Mart"). ECF No. 1 at 1–2. Lambert alleges that the violation derives from a "failure to remove architectural barriers" at Tommy's, a convenience store and Conoco filling station operated by Tommy's Mart. ECF No. 1 ¶ 23.

Tommy's Mart is a corporation registered in Texas with the Secretary of State. ECF No. 1 ¶ 8. Tommy's is a Conoco located and conducting business at the address 3601 Marlin Hwy, Waco, TX 76705. ECF No. 1 ¶ 9. Tommy's Mart filings with the Secretary of State list a

1

different address for its registered office, 1256 Main St, Suite 252, Southlake, TX 76092.[1] Tommy's Mart has designated Brad Bradley as its registered agent.[2]

Lambert has attempted to personally serve Tommy's Mart through its registered agent, Brad Bradley, at the registered office of 1256 Main St, Suite 252, Southlake TX. ECF No. 3-2 at 1. James Hatcher of Austin Process LLC unsuccessfully attempted to serve Tommy's Mart. ECF No. 3-2 at 1. Hatcher found that the 1256 Main St address suite "#252 [d]id not exist." ECF No. 3-2 at 1. Hatcher confirmed with a building leasing agent that "there is not a [suite] 252 nor is the Defendant [r]egistered at the [a]ddress." ECF No. 3-2 at 1. On March 24, 2023, Lambert filed the present request from the Court to authorize substituted service of process. ECF No. 3. Lambert requests, pursuant Tex. R. Civ. P. 106, leave to serve Tommy's Mart by service upon the Secretary of State, service through mailing a copy of the petition, or service upon another person over the age of sixteen at the specified location. ECF No. 3 at 2–3.

## II.     LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure controls the means of service of process in a federal cause of action. Fed. R. Civ. P. 4. Rule 4(h) governs the methods for which service may be effected upon a corporation, partnership, or unincorporated association. Fed. R. Civ. P. 4(h). Plaintiffs may serve entities within the United States as "prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Additionally, parties may serve an entity by delivery to "an officer, a managing or general agent, or any other agent authorized" and mailing a copy. Fed. R. Civ. P. 4(h)(1)(B). Rule 4(e)(1) provides that an individual located within a United States

---

[1] Information listed in the public records for franchise tax accounts with the Office of the Comptroller maintains a listing of 1256 Main St, Suite 252, Southlake, TX 76092 for the most recent registered office address of Tommy's Mart, Inc.
[2] Franchise tax records with the Office of the Comptroller list Brad Bradley as the current registered agent for Tommy's Mart, Inc.

judicial district may be served pursuant to the state law "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Rule 106 of the Texas Rules of Civil Procedure governs the methods of service for Texas. Tex. R. Civ. P. 106. Without an order of the court, plaintiffs may perfect service upon a defendant by in-person delivery or mailing the documents "by registered or certified mail, return receipt requested." Tex. R. Civ. P. 106(a). Further, the Texas Rules of Civil Procedure provide a method of substitute service of process after demonstrating reasonable efforts have been made to serve defendants pursuant to Rule 106(a). Tex. R. Civ. P. 106(b). Rule 106(b)(1) provides that a defendant may be served by "leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified." Tex. R. Civ. P. 106(b)(1). Texas also includes statutes governing the service of process for business entities within Chapter 5 of the Texas Business Organizations Code. Tex. Bus. Orgs. Code Ann. § 5.251 *et seq*. Chapter 5 provides that service on a business entity may effected by delivering "duplicate copies of the process, notice, or demand" and the accompanying fees to the Secretary of State. Tex. Bus. Orgs. Code Ann. § 5.252. Additionally, "the president and each vice president of a domestic or foreign corporation is an agent of that corporation" for purposes of receiving service of process. Tex. Bus. Orgs. Code Ann. § 5.255(1).

Texas rules require a reasonable effort be made to serve defendants pursuant to Rule 106(a), supported by an affidavit. Tex. R. Civ. P. 106(b). The affidavit must set forth the location of the attempted service and the facts supporting the unsuccessful attempt. *Id.* The Texas Supreme Court has held that strict compliance with the supporting affidavit is required to authorize substituted service of process. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). More specifically, the supporting affidavit must meet the "requirements of the rule

demonstrating the necessity for other than personal service." *Id.* The court in *Wilson v. Dunn*, emphasized that "jurisdiction is dependent upon" defendants being served "in a manner provided for by law." *Id.*

The Supreme Court has stated that service of process "is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) (addressing the historical origins of service of process from a writ in the royal court system). Previously, the Supreme Court had stated that "[t]he requirement that a court have personal jurisdiction flows . . . from the Due Process Clause." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). Indeed, service of process is generally required for a court to exercise personal jurisdiction over a defendant. *Murphy Bros.*, 526 U.S. at 350 (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (superseded by statute on other grounds related to personal jurisdiction through service of process)). The defendant may elect to waive the requirement for service of process. *Id.* at 351.

### III.    ANALYSIS

**A.  Lambert has shown reasonable efforts to serve Tommy's Mart.**

Rule 106(b) requires that a motion requesting substituted service of process be supported by an affidavit that sets forth the location of attempted service and the reason the attempt was unsuccessful. Tex. R. Civ. P. 106(b). Here, Lambert has demonstrated compliance with Rule 106(b).

Lambert's Motion was supported by Hatcher's affidavit stating that the attempted service of process failed because the registered office suite did not exist. ECF No. 3-2 at 1. Because the address listed for the registered office did not exist, additional attempts would be futile. Lambert's affidavit strictly complies with the requirements to state the attempted location and

reason the attempt was unsuccessful .Tex. R. Civ. P. 106(b). The Houston First District addressed a similar situation in *Ingram Industries*. *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The *Ingram Industries* court found that one unsuccessful attempt to serve the defendant was sufficient to show reasonable diligence where another entity occupied the registered office address for the past ten years. *Id.* at 34. The court agreed that the registered agent "'could not be found with reasonable diligence.'" *Id.*

### B. Lambert's requested methods of alternative service of process comply with Due Process rights.

Lambert has requested leave to effect service by any of the following methods: (1) service upon the Texas Secretary of State; (2) delivery by mail; or (3) leaving a copy with any person over sixteen years of age "at the defendant's residence or other place where the defendant can probably be found." ECF No. 3 at 3. Each of the requested methods is permissible here.

Courts may grant leave to effect service of process upon the Secretary of State after reasonable diligence in attempting to serve the registered agent has been demonstrated. *John Perez Graphics & Design, LLC*, 2013 U.S. Dist. LEXIS 61928, at *3. Reasonable diligence may be shown with a single unsuccessful attempt where the registered address recorded with the state is incurred. *Ingram Indus.*, 121 S.W.3d at 34. Here, Lambert has demonstrated that the recorded address for the registered office is incorrect. ECF No. 3-2 at 1. Hatcher found that the structure at 1256 Main St in Southlake, TX has no Suite 252. ECF No. 3-2 at 1. Further attempts to serve Tommy's Mart at the registered office address would be futile. Accordingly, service of process effected through the Secretary of State is permissible.

Rule 106(a)(2) expressly permits service of process upon a defendant "by registered or certified mail, return receipt requested" without an order of the court. Tex. R. Civ. P. 106(a)(2).

Accordingly, Lambert does not require leave of the court to attempt service of process, by registered or certified mail, pursuant to Rule 106(a)(2).

Courts may grant leave to effect substituted service of process on another party over sixteen years of age at a specified location after reasonable diligence is demonstrated by affidavit. Tex. R. Civ. P. 106(b). Lambert demonstrated reasonable diligence through the Hatcher affidavit in support of this Motion. *See* ECF No. 3-2. Lambert is permitted to attempt substituted service through another person over sixteen years of age at "defendant's residence or other place where defendant can probably be found." ECF No. 3 at 3.

## IV.  CONCLUSION

Here, Lambert has shown reasonable diligence to effect personal service of process on Tommy's Mart. *See* ECF No. 3-2. Lambert has now requested leave to effect substituted service of process on Tommy's Mart through (1) service of process on the Secretary of State, (2) service of process by registered or certified mail, or (3) substituted service through another over the age of sixteen at defendant's residence or another place to be found. ECF No. 3 at 3. This Court finds that the requested means for alternative service of process comply with constitutional due process and the applicable law. It is therefore **ORDERED** that Plaintiff's Motion for Substitute Service of Process is **GRANTED**.

SIGNED this 30th day of May, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

6